No. 18,496.

CLARAN W. JACKSON *v.* CLARENCE R. ASPER, ET AL.
(342 P. [2d] 1031)

Decided August 17, 1959.

Mr. EUGENE O. BIRD, for plaintiff in error.

Mr. R. T. THOMAS, Mr. JAMES P. MOYERS, for defendant in error.

*En Banc.*

MR. CHIEF JUSTICE KNAUSS delivered the opinion of the Court.

THE parties are here in the same order in which they appeared in the trial court. We shall refer to them as plaintiff and defendants. The action was one to recover damages for an alleged assault and battery committed by defendants on plaintiff. Trial was to a jury of twelve and resulted in a verdict for defendants. Motions for new trial and for judgment non obstante veredicto were overruled. From the judgment dismissing the action plaintiff is here on writ of error.

It would serve no useful purpose to delineate the evidence which was adduced upon the trial. Suffice it to

say that an altercation took place between plaintiff and defendants over the sale of a bull. From the evidence the jury was entitled to believe that the plaintiff in vile and abusive language invited the defendant, Clarence R. Asper, to "get out of that car and I'll bust your G-- D--- nose," and that defendant Alvin Asper was not involved in the altercation. Clarence Asper, father of Alvin Asper, was at the time of the alleged assault sixty-eight years of age and weighed 138 pounds. Plaintiff was fifty-three years old and weighed some 180 pounds.

The defense was predicated on what defendants said was an assault or attempted assault on the part of the plaintiff against Clarence Asper, who relied on self defense.

Plaintiff in error asserts that the evidence does not justify the verdict, which the plaintiff says was the result of passion and prejudice on the part of the jurors; that the trial court erred in giving an instruction of defense, mitigation of exemplary damages and in refusing to give an instruction tendered by plaintiff's counsel on the subject of mutual combat.

We have examined the instructions given and tendered and find the objections made thereto without merit. A careful reading of the entire record convinces us that there was no evidence against Alvin Asper and the jury's verdict in favor of Clarence Asper was the only one which could fairly be returned on the testimony as given. The jury was the sole judge of the credibility of the witnesses and the weight to be given the testimony of each witness.

Twelve jurors, under the guidance of a distinguished trial judge heard the witnesses and resolved the issues in favor of defendants. The verdicts being amply justified by the evidence under proper instructions, may not be disturbed.

The judgment is affirmed.

Mr. Justice Doyle dissents.